J. MANRIQUE MENDEZ AND FELIX BLANCO, PLAINTIFFS, v. JACOB E. GURTNER, DEFENDANT.

Submitted May 16, 1930—Decided December 12, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Heine & Laird* (*M. Casewell Heine,* of counsel).

*Contra, Isadore Rabinowitz.*

PER CURIAM.

This suit was tried in the Essex Circuit and resulted in a verdict for the plaintiff J. Manrique Mendez for $7,500. It is here on defendant's rule to show cause why the verdict should not be set aside.

It is said first that the verdict is against the weight of the evidence, and, secondly, that the judge erroneously refused to direct a verdict in favor of the defendant.

We are not impressed with these contentions. Mendez lost the sight of his left eye in a collision between the car owned and driven by him and an automobile admittedly belonging to and operated by the defendant at an intersection of Lindley road (running north and south) and Stevens avenue (running east and west), in the borough of Cedar Grove, in Essex county.

The accident occurred around six o'clock in the afternoon of Sunday, July 22d, 1928. Plaintiff Mendez was driving south on Lindley road and defendant was driving west on Stevens avenue and approaching the intersection of these roads on the plaintiff's left.

The contention of the defendant is that it was the speeding of the plaintiff that caused the collision, and that he, the defendant, was not negligent. Defendant argues that an examination of the conflicting testimony will show that the jury's finding against him on those issues was against the great weight of the evidence and the result of passion, prejudice, sympathy or mistake. To that we cannot agree. Our examination of the testimony and of the proven physical facts of the accident results in the conclusion that the finding of the jury was reasonably supported by the evidence, both with respect to the negligence of the defendant and the alleged contributory negligence of the plaintiff.

The rule to show cause will be discharged, with costs.